**Flora GRISHAJ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 03–3275.**

United States Court of Appeals, Sixth Circuit.

June 17, 2004.

Flora Grishaj, Troy, MI, pro se.

David V. Bernal, Nelda C. Ackerman, Washington, DC, for Respondent.

Before: SILER, COLE, and ROGERS, Circuit Judges.

*ORDER*

Flora Grishaj has filed a pro se petition for judicial review of an order by the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that she was subject to removal as an illegal alien. Her petition has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Grishaj is a native and citizen of the Kosovo region of Yugoslavia, who entered the United States without authorization in 1999. She subsequently conceded removability and applied for asylum, the withholding of deportation, and relief under the United Nations Convention Against Torture. Grishaj primarily alleged that she had been persecuted in Kosovo because she was an ethnic Albanian. An immigration judge ("IJ") found that her testimony was generally credible and assumed that she had been persecuted in the past. Nevertheless, on April 12, 2001, the IJ denied Grishaj's applications for relief, as she had not shown that she had a well-founded fear of future persecution. The BIA affirmed that decision "without opinion" on January 31, 2003.

Grishaj argues that the BIA abused its discretion by affirming the IJ's decision without making a reasoned analysis of her claims, because the IJ erred in finding that she did not have a genuine fear of future persecution and that her past persecution did not merit a favorable exercise of discretion on humanitarian grounds. *See generally* 8 C.F.R. § 1003.1(a)(7). Our court recently upheld the BIA's streamlined appeals process against both administrative law and due process challenges. *See Denko v. INS*, 351 F.3d 717, 727–30 & n. 10 (6th Cir.2003). Judicial review is not compromised by the disputed procedure, as we review the IJ's decision directly when the BIA streamlines its review of a case under § 1003.1(a)(7). *Id.* at 731–32. Thus, we need not reach the merits of Grishaj's procedural argument because a direct review of the IJ's decision does not reveal any grounds that would preclude a streamlined administrative appeal.

Grishaj's brief does not contain any clear challenge to the IJ's rationale for denying her claim under the Convention Against Torture. Therefore, she has abandoned this claim for purposes of judicial review. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997).

To obtain asylum, Grishaj must show that she is a refugee and that her application merits a favorable exercise of administrative discretion. *See Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir.1998). A refugee is an alien who is unable or unwilling to return to her home country due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Judicial review should not be granted unless the evidence would compel any reasonable fact-finder to find the requisite fear of persecution. *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir.2001).

Grishaj primarily alleged that she had been persecuted in Yugoslavia because she is an ethnic Albanian, who had been an active member of a dissident political party. She conceded that she had never been arrested, detained or beaten. However, Grishaj testified that a group of masked Serbian men ransacked the apartment that she shared with her family, threatened to kill them, and forced them to leave the country. The IJ found that Grishaj did not have a persuasive asylum claim, even though her testimony was credible.

Grishaj now argues that the IJ failed to give adequate weight to her claims of past persecution. This argument is unpersuasive because the IJ properly noted that Grishaj's credible allegations of past persecution created a rebuttable presumption that she would be persecuted in the future. However, the IJ also considered several State Department reports and other documentary evidence and found that conditions in Kosovo had "changed substantially" since Grishaj fled the country in 1999. Grishaj has cited evidence to the contrary; however, she has not met her burden of

showing that any reasonable adjudicator would be compelled to reach a different conclusion regarding the conditions in Kosovo. *See* 8 U.S.C. § 1252(b)(4)(B). Thus, substantial evidence supports the IJ's holding that the presumption of future persecution was rebutted by evidence that conditions in Kosovo have now changed. *See* 8 C.F.R. § 208.13(b)(1)(i)(A). In light of that finding, Grishaj has not presented compelling evidence to support her asylum claim. *See Koliada,* 259 F.3d at 488–89; *Mikhailevitch,* 146 F.3d at 390. As Grishaj has not established eligibility for asylum, she is necessarily unable to meet the more rigorous standard that is required for the withholding of removal. *See Koliada,* 259 F.3d at 489; *Mikhailevitch,* 146 F.3d at 391.

The IJ also found that Grishaj was not entitled to discretionary relief on humanitarian grounds, without regard to the reasonableness of her alleged fear of future persecution. *See generally Matter of Chen,* Int. Dec. 3104, at 4, 1989 WL 331860 (BIA 1989). Grishaj apparently argues that this ruling was erroneous. However, she has not met her burden of showing that the IJ's decision is "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D); *see also Klawitter v. INS,* 970 F.2d 149, 153–54 (6th Cir.1992).

Accordingly, the petition for judicial review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.